✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
V.
__CHRISTOPHER D. NELSON__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  1:09 mj 25

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

X (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense X state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is

    X a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

X (3) A period of not more than five years has elapsed since the X date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

X (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense

    X for which a maximum term of imprisonment of ten years or more is prescribed in __18 U.S.C. § 922(g)(1)__.
    ☐ under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by X clear and convincing evidence ☐ a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____
*Date*

_____
*Signature of Judge*
Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 mj 25

UNITED STATES OF AMERICA,

Vs.

CHRISTOPHER D. NELSON.

                      **ADDENDUM TO**
                      **DETENTION ORDER**

## I. FACTORS CONSIDERED

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II.  FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve being in possession of a firearm after being a convicted felon.  This crime is a considered to be a crime of violence in this circuit, U.S. vs. Redmon, 3:06 cr 92, U.S. vs. Allen, 409 F.Supp. 2d 622 (Maryland, 2006).

**(g)(2):** The weight of the evidence against the person appears to be strong, compelling and significant.

**(g)(3):** The history and characteristics of the person

   (A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant is a life-long resident of Buncombe County, NC and is unemployed.  The defendant has received mental health treatment between ages eight and fifteen.  The defendant's history relating to drug or alcohol abuse shows that he has used alcohol, marijuana and Ecstasy.

The defendant has the following criminal convictions:

| Offense | Conviction Date |
|---|---|
| Felony attempted common law robbery | 09/17/99 |
| Felony assault with deadly weapon | 09/17/99 |
| Felony discharge of weapon into occupied property | 09/17/99 |
| (these charges occurred when defendant was 15 years old) | |
| Possession of stolen property, failure to appear on misdemeanor | 12/07/01 |
| No operators license | 08/15/02 |
| Hit and run, failure to stop for property damage | 08/02/06 |
| Driving while license revoked | 08/02/06 |
| Assault inflicting serious injury | 09/26/07 |
| Second degree trespass, resisting an officer | 09/26/07 |
| Carrying a concealed weapon | 10/15/07 |
| Possession of a firearm by a felon | 09/24/07 |
| Driving while license revoked | 09/26/07 |
| Second degree trespass | 09/07/07 |
| Injury to personal property | 09/26/07 |
| Public disturbance | 10/08/08 |

The defendant's record concerning appearance at court appearances shows that the defendant has been convicted on two occasions of failure to appear and further failed to appear on December 31, 2008 in regard to a charge of simple affray.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was arrested on October 17, 2008 and was released on bond. The defendant was arrested on February 19, 2009 and was released on bond. The defendant was charged on March 9, 2009 with second degree trespass and resisting a public officer and was again released on bond. The defendant was arrested on March 28, 2009 and was again released on bond.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. From the testimony it appears the officers of the Asheville Police Department received two telephone calls during the early morning hours stating that a person was at the Hillcrest Apartments with a firearm. When officers arrived, they found the defendant hiding in the bushes with a loaded 9mm pistol. The defendant was charged with state charges with felony possession of a firearm and second degree trespass. The second degree trespass charged was based upon the fact the defendant had been ordered not to be upon the grounds of the Hillcrest Apartments. The defendant was released on bond and the defendant immediately returned to the Hillcrest Apartments and was charged again with second degree trespass. The defendant has been a member of the Crips street gang since age 12. All of these factors show by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. As a result of the foregoing, the undersigned has determined to enter an order detaining the defendant pending further proceedings in this matter.

The undersigned does find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. The defendant has repeatedly failed to appear for court proceedings involving charges much less serious than those with which he is presently charged.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: May 12, 2009

Dennis L. Howell
United States Magistrate Judge